P. McGreal v. W. J. Jones and another.

In August, 1839, pending an administration granted in June, 1838, on the estate of B., deceased, one 'M. brought suit in the District Court against A., the administrator. In October, 1839, the administrator reported the estate fully administered and the property partitioned among the widow and heirs, and the probate court passed an order discharging him from the administration and closing the estate. In October, 1840, the District Court rendered a judgment for four thousand dollars, in favor of M., and against A., as still the administrator of the estate. In 1850, the probate court appointed on the estate an administrator *de bonis non*, who, for the purpose of satisfying M.'s judgment, obtained an order to sell a tract of land which had been inventoried by the first administrator, and had been partitioned between the widow and the heirs, under order of the court in 1839; and at the sale of the administrator *de bonis non*, the land was purchased by the plaintiff, who brings trespass to try title against defendants, who claim under the widow and heirs. *Held*, that even if the estate had not been fully administered by the original administrator, yet, after the lapse of twelve years, it was too late for the probate court to reopen the succession for the purpose of letting in the then dormant judgment of M. Equities, however, might be such as to prevent the application of this principle.

Error from Fayette. Tried below before the Hon. James H. Bell.

The facts of this case, so far as they are involved in the rulings, are sufficiently stated in the head-note.

Able arguments were filed in this court on the question whether the probate court had jurisdiction, in 1850, to grant a second administration on the estate of the decedent, D. C. Barrett, who died in May, 1838. Space, however, can only be afforded for the authorities relied on by the respective counsel.

*Ballinger & Jack*, for the plaintiff in error, cited Claiborne v. Yoeman, 15 Texas, 45; Dancy v. Stricklinge, 15 Texas, 557; Burdett v. Silsbee, 15 Texas, 616; Poor v. Boyce, 12 Texas, 617; Bayne v. Garrett, 17 Texas, 630; Townsend v. Munger, 9 Texas, 300; Alexander v. Maverick, 18 Texas, 179; Grande

*v.* Herrera, 15 Texas, 533; and Howard *v.* Bennett, 13 Texas, 309.

*Hancock & West*, and *John H. Robson*, for the defendants in error, cited Boyle *v.* Forbes, 9 Texas, 35 ; Blair *v.* Cisneros, 10 Texas, 34; Chandler *v.* Hudson, 11 Texas, 34; Hurt *v.* Horton, 12 Texas, 285; Francis *v.* Hall, 13 Texas, 189; Murphy *v.* Menard, 14 Texas, 62; Portis *v.* Cummings, 14 Texas, 139 ; Flanagan *v.* Pierce, 27 Texas, 78; Withers *v.* Patterson, 27 Texas, 491; and Hamblin *v.* Warnecke, 31 Texas, 91.

Walker, J. The only error which we find in this case appears to be in permitting the defendants in error to recover a larger quantity of land than was sold by Mrs. Barrett, as guardian of her minor children, to Effinger. She petitioned only for the sale of one quarter league; the court ordered that quantity sold. We affirm the judgment of the District Court as to the one-fourth league of land sold by Mrs. Barrett as guardian of George and Emily Barrett, and no more. But in so doing we do not recognize the right of Peter McGreal to recover any portion of the land under his title from Philip Dargan, as the administrator of the estate of D. C. Barrett. We think he took no title through the deed of the administrator *de bonis non.*

If the estate of Barrett was not fully administered by Wm. T. Austin, the first administrator, it was too late, after the lapse of more than twelve years, to open up the succession for the purpose of letting in a dormant judgment. We do not say that in all cases this rule must apply with strictness; there may be cases arise in equity which would demand its relaxation.

The judgment of the District Court is affirmed, as herein indicated.

Ordered accordingly.